IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ROSALIND PHILLIPS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3899 |
| BROCK & SCOTT, PLLC, et al., | * | |
| Defendants. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending are three motions to dismiss filed by Defendants Ocwen Loan Servicing, LLC (ECF No. 25), Brock & Scott, PLLC (ECF No. 26), and Bank of America, N.A. (ECF No. 28). Plaintiff Rosalind Phillips also filed a "Motion to Strike Defendant Order/Fraud Upon the Court and Judicial Notice and Interrogatories". ECF No. 30. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. The motions to dismiss are granted and Plaintiff's motion is denied.

**I.    BACKGROUND[1]**

Plaintiff Rosalind Phillips ("Plaintiff") executed a Note in the amount of $650,000 to GreenPoint Mortgage Funding, Inc. ("GreenPoint"), which was secured by a Deed of Trust related to her property in Bowie, Maryland. ECF No. 2 at 4. The Complaint provides little detail regarding what happened to the Note after its execution. It appears that the Note was then assigned to Defendants Ocwen Loan Servicing, LLC and Bank of America, N.A. *Id.* at 5. At some point, Plaintiff alleges that the Defendants changed her loan number without notifying her. *Id.*

---

[1] The facts are taken from the Complaint and construed in the light most favorable to Plaintiff as the nonmoving party.

1

On April 25, 2016, Defendant Brock & Scott, PLLC ("Brock & Scott") filed an Order to Docket Foreclosure in the Circuit Court for Prince George's County against Plaintiff. *See BSPLLC v. Phillips*, No. CAEF16-10598 (Cir. Ct. P.G. Cnty. filed Apr. 25, 2016). On September 29, 2016, the Circuit Court ordered that Brock & Scott "may schedule the foreclosure sale, subject to the right of the borrower to file a motion . . . to stay the sale and dismiss the action." *Id.* Plaintiff then filed a "Motion to Vacate and Strike" and an "Objection to Order and Motion to Dismiss Complaint." The Circuit Court denied both motions. *Id.*

In October 2016, with the state foreclosure action pending, Plaintiff filed a Complaint in the Prince George's County Circuit Court against Brock & Scott, Ocwen Loan Servicing, and Bank of America (the "Defendants"). ECF No. 2. The Complaint includes a notice of *lis pendens* and demands discovery. It also asserts claims against the Defendants for fraud upon the court, injunctive and declaratory relief, violations of the Fair Debt Collection Practices Act ("FDCPA"), and slander of title. *Id.*

On December 5, 2016, Bank of America removed Plaintiff's action to this Court based on federal question and diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. ECF No. 1. The Defendants then filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF Nos. 25, 26, 28. On January 4, 2017, the Clerk sent a Rule 12/56 Letter to Plaintiff, who responded with several filings, including a motion titled "Motion to Strike Defendant Order/Fraud Upon the Court and Judicial Notice and Interagatories [sic]". *See* ECF No. 30.

## II.   STANDARD OF REVIEW

In ruling on a motion to dismiss, a plaintiff's well-pleaded allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to ensure that it survives a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

#### A. Defendants' Motions to Dismiss (ECF Nos. 25, 26, 27)

The Complaint is not a model of clarity. Liberally construed, it asserts claims for fraud, fraud upon the court, injunctive and declaratory relief, violations of the Fair Debt Collection Practices Act, and slander of title. Plaintiff also advances several allegations that she may believe are separate causes of action as well as a discovery request. The Court will address each of these issues in turn.

**1.     Fraud and Fraud Upon the Court**

Plaintiff alleges that the Defendants committed fraud by creating a "new Note with a new loan number" and then foreclosing on her property. *See* ECF No. 2 at 10. To allege fraud or deceit in Maryland, a plaintiff must plead that: (1) the defendant made a false representation to the plaintiff, (2) its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury resulting from the misrepresentation. *Moscarillo v. Prof'l Risk Mgmt. Servs.*, 398 Md. 529, 544 (2007) (citations omitted).

In addition, the plaintiff must plead with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The allegation of fraud must describe "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999) (internal quotations and citations omitted). Where, as here, Plaintiff alleges fraud against multiple defendants, a plaintiff must plead her claims with particularity as to each individual defendant's participation. *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 250–51 (D. Md. 2000).

In the fraud claim, Plaintiff's simply avers that "the Defendants" changed her loan number from "MIN 100013800896819105" to "[Redacted] 0196". ECF No. 2 at 4–5. Even assuming that someone changed the loan number,[2] the claim still fails because she does not assert with particularity how Plaintiff relied on this misrepresentation to her detriment. Nor does

---

[2] The Court independently notes that Plaintiff claims one of the "loan numbers" in question is the MIN number associated with the loan. "MIN" stands for "Mortgage Identification Number" and is a number distinct from the loan number, and is used to track a loan's life through the Mortgage Electronic Registration Systems ("MERS") system. Thus, "MIN 10001380896819105" and "[Redacted] 0196" likely refer to the same Note.

she state with particularity the date, time and place of the fraud but instead avers "Defendant(s) collectively at some time unknown," created a new Note with a new loan number. The claim as pleaded falls below the standard articulated in Federal Rule of Civil Procedure 9(b) and so is dismissed.

Plaintiff also alleges that the Defendants committed "fraud upon the court." *See* ECF No. 7–9. Indeed, "[c]ourts retain the inherent equity power to set aside a judgment whenever its enforcement would be 'manifestly unconscionable' because of 'fraud upon the court.'" *Steele v. Motz*, No. 1:09CV792, 2009 WL 8131857, at *6 (D. Md. Nov. 19, 2009) (quoting *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 130 (4th Cir. 2000)). This power, however, must be narrowly construed, "typically confined to the most egregious cases, such as bribery of a judge or juror, or improper influence exerted on the court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged." *Id.* (citation and internal quotation marks omitted).

The Court does not know what to make of Plaintiff's claim. Plaintiff seems to challenge the Circuit Court's ruling in the underlying the foreclosure action as resting on insufficient evidence. *See* ECF No. 2 at 7–8. Disagreement with a court's ruling, however, is not tantamount to fraud on the court. Thus, this claim must also be dismissed.

**2.   Injunctive and Declaratory Relief**

Plaintiff also moves to enjoin the underlying state foreclosure case from proceeding. *See* ECF No. 2 at 9. Under the Anti-Injunction Act, this Court may not grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283; *see also Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 641 (D. Md. 2015).

Because none of these "three specifically defined exceptions" applies to this case, *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970), the Court cannot enjoin the pending state foreclosure proceeding. *Henry v. Aurora Loan Servs., LLC*, No. TDC-14-1344, 2016 WL 1248672, at *3 (D. Md. Mar. 25, 2016). Similarly, the Anti-Injunction Act bars a federal court from declaring the parties' respective property rights in a pending foreclosure proceeding. *Henry*, 2016 WL 1248672, at *3 (citing cases). Consequently, to the extent that Plaintiff's request for declaratory judgment also implicates equitable relief as to the foreclosure action, the claim cannot proceed.

### 3. Fair Debt Collection Practices Act Claim

Plaintiff also asserts that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff does not specifically identify the FDCPA provisions that Defendants have supposedly violated. Liberally construed, however, Plaintiff seems to be claiming violations of 15 U.S.C. §§ 1692f(6)(A) and 1692e. Section 1692f(6)(A) provides that a debt collector may not "[t]ake[ ] or threaten[ ] to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). To succeed on a FDCPA claim, a plaintiff must demonstrate that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in

6

an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012) (internal citations omitted).

Aside from the conclusory allegation that "Defendant(s) are debt collectors for purposes of the Fair Debt Collection Practices Act," *see* ECF No. 2 at 9, the Complaint does not explain how Bank of America or Ocwen Loan Servicing violated the FDCPA. Indeed, Plaintiff gives no factual predicate to support FDCPA claims against these defendants whatsoever. Accordingly, Plaintiff's FDCPA claim is dismissed as to Bank of America or Ocwen Loan Servicing.

As to Defendant Brock & Scott, Plaintiff alleges violations of the FDCPA stemming from conferring authority as substitute trustees to foreclose on the subject property. *Id.* at 5. This Court has routinely held that a plaintiff's confusion regarding a defendant's authority to foreclose does not support an FDCPA violation. *See, e.g.*, *Agomuoh v. PNC Fin. Servs. Grp.*, No. GJH-16-1939, 2017 WL 657428, at *13 (D. Md. Feb. 16, 2017); *Bolden v. McCabe, Weisberg & Conway, LLC*, No. DKC 13-1265, 2013 WL 6909156, at *5 (D. Md. Dec. 31, 2013); *Hill v. Wilmington Finance, Inc.*, No. 13–cv–524–RWT, 2013 WL 4659704, at *4–5 (D. Md. Aug. 29, 2013) (dismissing FDCPA claim where plaintiff alleged that the defendant failed to provide him with proof of ownership of the debt and the complaint lacked specific allegations concerning the time, dates, conduct, or actors in violation of the FDCPA). Plaintiff's claim as to Brock & Scott, therefore, must fail.

Next, Plaintiff alleges that the Defendants purported changing of her loan number violated 15 U.S.C. § 1692e. *See* Complaint, ECF No. 2 at 4–5, 10. Section 1692e prohibits a debt collector from using "false, deceptive or misleading" representations in connection with the collection of any debt. 15 U.S.C. § 1692e. The United States Court of Appeals for the Fourth Circuit has adopted the "least sophisticated consumer" standard to determine if a Section 1692e

violation has occurred. Specifically, where a false statement would not mislead the "least sophisticated consumer," the statement cannot support a § 1692e violation. *Stewart*, 859 F. Supp. 2d at 761–62 (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394 (4th Cir. 1999)). Accordingly, Plaintiff's claim must plausibly aver that the alleged false representations were "material." *Id.* (observing that "a statement cannot mislead unless it is material, so a false but non-material statement is not actionable") (citing *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 (6th Cir. 2009)). *See also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) ("[T]he complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'").

Here, Plaintiff's allegation that her loan number was changed, without more, does not allow a plausible inference beyond "the mere possibility of misconduct." *Id.* (citation and internal quotation marks omitted). Without additional detail regarding the who, what, when, and where regarding the loan-number change, and why the change matters, Plaintiff has failed to state a proper cause of action. *See Montalbano v. National Arbitration Forum, LLC*, No. RWT 10cv2237, 2012 WL 3233595, at *5 (D. Md. Aug. 3, 2012) (granting a motion to dismiss where a Plaintiff's FDCPA allegations were "devoid of factual details" and made "in conclusory terms"). Accordingly, Plaintiff's FDCPA claim is dismissed.

**4.    Slander of Title**

In an action for slander of title, the plaintiff must "establish that the defendant, with malice, published a known falsity to a third party that caused special damages." *Gibbons v. Bank of Am. Corp.*, No. JFM–08–3511, 2012 WL 94569, at *10 (D. Md. Jan. 11, 2012) (citing *Neurotron, Inc. v. Am. Assc. Electrodiagnostic Med.*, 189 F. Supp. 2d 271, 277 (D. Md. 2001)).

"The cause of action is similar to defamation but 'differs from [defamation] materially in the greater burden of proof resting on the plaintiff, and the necessity for special damages in all cases.'" *Gibbons*, 2012 WL 94569, at *10 (quoting *Beane v. McMullen*, 265 Md. 585, 608 (1972)). "In addition, the plaintiff must prove the publication played a material and substantial part in inducing others not to deal with him, and that as a result he suffered special damage." *Id.* (internal quotations and citation omitted).

Plaintiff alleges that Defendants collectively committed slander of title. This fails Federal Rule of Civil Procedure 8's notice requirement to address separately each Defendant's alleged wrongdoing. *See Classen Immunotherapies, Inc. v. Biogen IDEC*, 381 F. Supp. 2d 452, 455 (D. Md. 2005) ("A plaintiff does not satisfy Rule 8 when the complaint 'lump[s] all the defendants together and fail[s] to distinguish their conduct because such allegations fail to give adequate notice to the defendants as to what they did wrong.'" (quoting *Appalachian Enterprises, Inc. v. Epayment Solutions Ltd.*, 2004 WL 2813121, *6 (S.D.N.Y. 2004))). Nor does Plaintiff contend that the alleged slander "played a material and substantial part in inducing others not to deal with [her]." *Gibbons*, 2012 WL 94569, at *10 (internal citation and internal quotation marks omitted).

Additionally, the theories upon which Plaintiff's slander claim rest have been consistently rejected by this Court. Plaintiff generally alleges that the Defendants caused slander to her title when they filed the Deed of Trust in the Prince George's County Recorder's Office. *See* ECF No. 2 at 17–18. This is because, according to Plaintiff, the promissory note was "split" from the deed of trust "nullify[ing] the enforcement provisions of the security deed." ECF No. 2 at 17. In Maryland, the deed and the note cannot be split; "[t]he title to any promissory note . . . conclusively is presumed to be vested in the person holding the record title to the mortgage." *See Danso v. Ocwen Loan Servicing, LLC*, No. PX 16-1396, 2016 WL 4437653, at *4 (D. Md. Aug.

23, 2016) (quoting Md. Code Ann., Real Prop. § 7–103(a)); *Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 624 (4th Cir. 2011).

Plaintiff also alleges that the absence of a "wet-ink" signature on the Deed renders it invalid. ECF No. 2 at 17–18. This Court has repeatedly rejected this "show me the note" argument. *See Danso*, 2016 WL 4437653, at *4; *Jones v. Bank of N.Y. Mellon*, No. DKC–13–3005, 2014 WL 3778685, at *4 (D. Md. Jul. 29, 2014); *Harris v. Household Finance Corp.*, RWT–14–606, 2014 WL 3571981, at *2 (D. Md. Jul. 18, 2014) (explaining that "there is no recognizable claim" that a mortgagor must "produce 'wet ink' signature documents" in order for a mortgage to be valid); *Quattlebaum v. Bank of Am., N.A.*, No. TDC-14-2688, 2015 WL 1085707, at *6 (D. Md. Mar. 10, 2015). Accordingly, Plaintiff's slander of title claim cannot proceed.

**5.    Other Allegations**

The remaining allegations, liberally construed, also must be dismissed. In one claim Plaintiff alleges that the Brock & Scott violated several Rules of Professional Conduct. *See* ECF No. 2 at 13. She does not explain how Brock & Scott violated Maryland's professional standards or how such violations support a cause of action. Accordingly, Plaintiff has failed to state an actionable claim.

Under a separate heading, Plaintiff alleges that her original lender, GreenPoint, failed to provide consideration for the Note because it did not lend her any money. ECF No. 2 at 13–17. This is what is known as the "vapor money" theory. "The 'vapor money' theory states that any debt based upon a loan of credit rather than legal tender is unenforceable." *Andrews v. Select Portfolio Servicing, Inc.*, No. RDB–09–2437, 2010 WL 1176667, at *3 (D. Md. Mar. 24, 2010). As one reviewing court summarized:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," i.e., the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him . . . . He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void ab initio, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

*Demmler v. Bank One NA*, No. 2:05–CV–322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006). "Claims based on 'vapor money' theory have been consistently rejected by federal courts as frivolous and insufficient to withstand a motion to dismiss." *Evans v. Beneficial Fin. I, Inc.*, No. DKC 14-1994, 2015 WL 535718, at *5 (D. Md. Feb. 9, 2015) (internal quotation marks and citation omitted) (collecting cases). This Court follows suit.

Lastly, Plaintiff's discovery request is denied. *See* ECF No. 2 at 6–7. Discovery is available to assist the parties in pursuing or defending legally viable claims. Plaintiff must first properly allege a claim upon which relief can be granted before discovery ensues. Because none of Plaintiff's claims survive dismissal, discovery shall not proceed.

**B.    Plaintiff's Motion to Strike (ECF No. 30)**

Plaintiff's motion to strike appears to serve several purposes. It is, in part, a response in opposition to Defendants' motions to dismiss and will be treated as such. It is also an attempt to amend the Complaint. *See* ECF No. 30 at 9 ("Amended Complaint"). Plaintiff did not request leave to file an amended complaint as required by Federal Rule of Civil Procedure 15(a)(2). Nor did she comply with this Court's Local Rules which require submitting the proposed amended pleading in redline format. *See* Local Rule 103.6(c) (D. Md. July 2016). Based on these failures alone, the Court may deny Plaintiff's request to amend her complaint.

Even if Plaintiff were to properly file a motion for leave to file an amended complaint, the motion would nonetheless be denied. Pursuant to Rule 15(a)(2), "[t]he court should freely

11

give leave [to amend] when justice so requires." The Court only should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility," *MTB Servs., Inc. v. Tuckman–Barbee Constr. Co.*, No. RDB–12–2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). A proposed amendment is considered futile where it "fails to state a claim under the applicable rules and accompanying standards," *Katyle v. Penn Nat. Gaming Inc.*, 637 F.3d 462, 471 (4th Cir. 2011); *see MTB Servs.*, 2013 WL 1819944, at *3.

Plaintiff's amended complaint adds two parties. The first is Christine Johnson, who serves as Brock & Scott's attorney. Although the amended complaint alleges that Johnson violated "her Oath, Misconduct, including conspiracy to Fraud," no further detail is provided. The second new defendant is Prince George's County. Plaintiff fails to explain how the County is involved in this case.

Plaintiff also attempts to add several counts. The claims are listed in rote fashion without any factual allegations supporting them. This pleading deficiency alone would warrant dismissal. *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) ("The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiff alleges that an unnamed person violated her rights under the Fourteenth and First Amendments to the United States Constitution. *See* ECF No. 30. However, none of the defendants are state actors—a necessary element in a claim for a constitutional rights violation. *See Noonan v. Galinaitis*, No. WDQ-09-2406, 2009 WL 3152825, at *1 (D. Md. Sept. 25, 2009) ("A claim of constitutional rights violation requires state actors."). Plaintiff also lists several statutes without

explaining how they were violated.[3] Because the proposed amended complaint that fails to state any cognizable additional claims, granting the amendment would be futile. Plaintiff's motion to amend is therefore denied.

## IV.   CONCLUSION

For the forgoing reasons, the Defendants motions to dismiss are granted and Plaintiff's motion is denied. A separate Order follows.

7/28/2017
Date

/S/
Paula Xinis
United States District Judge

---

[3] Specifically, Plaintiff alleges that Prince George's County violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ECF No. 30 at 9. Plaintiff also alleges that "all defendants" violated the Maryland Human Relations Act, Md. Code Ann., State Gov't, § 20–601, *et seq.*