IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROSALIND PHILLIPS,

   Plaintiff,

v.     Civil Action No. PX 16-3899

BROCK & SCOTT, PLLC, et al.,

   Defendants.

## MEMORANDUM OPINION

Pending is a motion for reconsideration and a motion to compel discovery filed by Plaintiff Rosalind Phillips. *See* ECF Nos. 41, 42. The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. Both motions are denied.

**I. BACKGROUND**

In October 2016, Plaintiff filed her Complaint in the Circuit Court for Prince George's County against Brock & Scott, Ocwen Loan Servicing, and Bank of America ("Defendants"). ECF No. 2. The Complaint included a notice of *lis pendens* and demanded discovery. It also asserted claims against the Defendants for fraud upon the court, injunctive and declaratory relief, violations of the Fair Debt Collection Practices Act ("FDCPA"), and slander of title. *Id.*

On December 5, 2016, Bank of America removed Plaintiff's action to this Court based on federal question and diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. ECF No. 1. The Defendants then filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF Nos. 25, 26, 28. On July 28, 2017, the Court granted Defendants' motions to dismiss and ordered the Clerk to close the case. *See* ECF Nos. 39, 40. Shortly thereafter, Plaintiff filed two motions. The first is titled "Plaintiff's Memorandum of Law

in Opposition to Order that Granted the Motion to Dismiss" and the second is a motion to compel discovery. *See* ECF Nos. 41, 42.

## II. ANALYSIS

In her first motion, titled "Plaintiff's Memorandum of Law in Opposition to Order that Granted the Motion to Dismiss," Plaintiff argues that the allegations in her complaint are sufficient to survive a motion to dismiss. Given the title, the Court will treat this motion as one to reconsider the Court's Order dismissing her complaint. The Federal Rules of Civil Procedure do not include an express provision addressing reconsideration of a final judgment. *Katyle v. Penn Nat'l Gamin, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011). Rather, the Rules provide that a party may move to alter or amend judgment under Fed. R. Civ. P. 59(e), or for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008).

Because Plaintiff's Motion (ECF No. 41) was filed within 28 days following the entry of the Order at issue (ECF No. 40), the Court will construe her motion under Rule 59(e). In the Fourth Circuit, a motion brought under rule 59(e) may be granted on one of three limited grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). Notably, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, et al., Federal Practice & Procedure § 2810.1, at 127–28 (2d ed. 1995)). Generally, "'reconsideration of a judgment after its entry is an

extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co.*, 148 F.3d at 403 (internal citation omitted).

As both Ocwen Loan Servicing and Bank of America explain, Plaintiff offers no change in controlling law, new evidence, a clear error, or manifest injustice. Instead, she reasserts mere disagreement with Defendants' prevailing positions. Thus, Plaintiff impermissibly is trying to reargue the merits of the case. *See Medlock v. Rumsfeld*, 336 F. Supp. 2d 452, 470 (D. Md. 2002) ("Where a motion does not raise new arguments, but merely urges the court to 'change its mind,' relief is not authorized.") (internal citation omitted). Nor does "mere disagreement . . . support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (internal citation omitted). Accordingly, Plaintiff's motion for reconsideration at ECF No. 41 is denied.

Plaintiff also filed a motion to compel discovery on "Defendant Christine N. Johnson." ECF No. 42. Christine Johnson, Brock & Scott's counsel, is not a party to this case. And as the Court explained in its prior Memorandum Opinion, discovery is available to assist the parties in pursuing or defending legally viable claims. Plaintiff must first properly allege a claim upon which relief can be granted before discovery ensues. Because none of Plaintiff's claims survived dismissal, discovery will not proceed. Plaintiff's motion at ECF No. 42 is therefore denied. A separate Order follows.

| 8/25/2017 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |